IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROLAND KENNEDY HICKS,
ADC #601009                                                                                         PLAINTIFF

VS.                             CASE NO. 4:06CV00611JLH/HLJ

ARAMARK CORRECTIONAL
SERVICES, INC., et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

  A trial was held in this case before the Court on April 4, 2007. Following a presentation of the testimony of the parties and witnesses, the Court enters the following Proposed Findings and Recommended Disposition.

### **I. Facts/Testimony**

  Plaintiff, a state inmate incarcerated at the Benton Work Release Center of the Arkansas Department of Correction (ADC), filed this action against defendants based on incidents which occurred while he was incarcerated at the Pulaski County Detention Facility (Jail) in April and May, 2006. Plaintiff claims he became ill after eating items from the Jail commissary which were past their "sell by..." date and defendants failed to provide adequate medical attention to him. Plaintiff asks for monetary relief from the defendants, Aramark Correctional Services, Inc., Captain Verochia Peters and Sheriff Randy Johnson.

  Plaintiff testified that on April 26, 2006, he purchased items from the Jail commissary as part of an April "Grab Bag Special". He stated he ate about half of a honey bun before he realized it was

"fuzzy" and molded, and he immediately gagged and "vomited" from it. He stated he "vomited" a second time later that same day and brought the issue to the attention of Deputy Marcelle Reed. Plaintiff stated several of the items in the Grab Bag were eight, to nineteen, days past their "sell by..." dates, which were stamped on the packages. Plaintiff completed a sick call form on April 28, 2006, stating he suffered from stomach aches and excessive bowel movements which started after he ate a molded food product from the commissary. Plaintiff stated while he was initially sick on April 26, and had a stomach ache on April 27, by April 28 he did not feel "too bad." He did, however, complete the sick call request form because he wanted to be sure the food did not affect his body in a harmful way. Although he checked on the form that it was an emergency situation, he was not seen by medical personnel at that time. Plaintiff then completed a second sick call form on May 3, 2006, and was examined by a nurse on May 4, 2006. According to the second sick call form, plaintiff complained about a "stomach virus" and referred to the earlier sick call slip to which he had received no response. The nurse who examined him on May 4, 2006 wrote that his bowel sounds presented normal and there was no indication of distress, and that plaintiff was already taking Maalox for indigestion. The nurse referred plaintiff to the Registered Nurse Practitioner, but plaintiff testified he was transported to the ADC the next day and thus, did not receive that additional examination.

Deputy Marcelle Reed testified plaintiff presented her with a grievance about a year ago concerning the commissary honey buns being outdated, and she contacted the commissary about the complaint. Plaintiff did not appear to be in physical distress at the time, and did not show her the items about which he was complaining. Deputy Reed stated she did not receive any other similar complaints from other inmates.

Captain Verochia Peters, who is responsible for operations and support at the Jail, testified

she received a grievance from plaintiff about the incident and responded to him that the items were sold as part of a special, at a reduced price, and plaintiff was not required to accept them once they were delivered to him. She was not aware of the specific "sell by..." dates on the items, and stated sometimes the commissary sold such items as part of a special and other times gave them to the staff to eat. She testified she had eaten such items in the past and never became sick. Captain Peters stated the food and commissary services at the Jail were provided by defendant Aramark, who had contracted with the Jail for such for six or seven years, and she was satisfied with its' products and services. Typically, according to Peters, the pastry items received at the Jail are immediately placed in a freezer and are removed the day of delivery of the orders to the inmates. Captain Peters also stated she once asked a representative from the health department about serving items which were past their "sell by..." date, and he commented that there is usually nothing wrong with them, but that they should not be sold at their full price.

Nurse Sara Speer, the Health Services Administrator at the Jail, testified when an inmate submits a sick call request form, it is reviewed by the staff to determine if an emergency situation exists, and if not, the staff has 24-72 hours in which to respond to the requests. She referred to the two sick call requests submitted by the plaintiff and noted plaintiff was examined on May 4, 2006, at which time he was referred to the Nurse Practitioner.

Inmate Victory Lewis testified he recalled plaintiff becoming ill after eating part of a honey bun and potato chips he received from the Jail commissary. Although he saw the potato chips and honey bun in plaintiff's locker box, he did not know what caused plaintiff to become sick.

Rhonda Ford is the Food Services Director/Commissary Manager at the Jail for defendant Aramark. She stated they receive weekly shipments of the honey buns and they are delivered to the Jail fresh and immediately placed in the freezer. At a minimum, she stated, she sells fifteen cases

of honey buns per week, which equals in excess of four hundred honey buns. The honey buns are vacuum-packed and she has not received a complaint about them, other than from the plaintiff. She received no other complaints from other inmates about the April Grab Bag Special in April, 2006, and would not knowingly sell items unfit to eat. Once the food is frozen, she stated, the "sell by..." date becomes irrelevant.

## II. Issue/Law

Plaintiff alleges that the defendants' sale of the food to him, and their failure to respond to his immediate requests and grievances to be seen by a doctor, violated his Eighth Amendment right to be free from cruel and unusual punishment. He further alleges that defendants were deliberately indifferent to his serious medical needs. In order to support his claims, plaintiff must show defendants knew of, yet disregarded, an excessive risk of harm to his health and safety, and were deliberately indifferent to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Although it is doubtful that plaintiff was a pre-trial detainee at the time of the incident, since he was transported to the ADC shortly thereafter, the pre-trial detainee standard for this claim is essentially the same as that applied to Eighth Amendment post-detainee claims. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

The Court finds plaintiff does not support his claim of deliberate indifference by a preponderance of the evidence. Given the process, delivery and storage of the commissary items, the Court finds no evidence that defendants disregarded a risk to plaintiff's health and safety. In addition, plaintiff acknowledged that at the time he ate the honey bun, he did not pay attention to its condition until he had eaten about half of it.

In addition, although no medical personnel are defendants in this case, the fact that plaintiff did not receive an immediate response to his initial sick call request does not rise to the level of

deliberate indifference in this case, given the testimony that he was already receiving Maalox and plaintiff's own testimony that his illness and discomfort lasted only a day or two.

Finally, although plaintiff named Sheriff Randy Johnson as a defendant, he did not testify about any connection between the incidents which occurred and Sheriff Johnson, and did not state that he ever contacted defendant Johnson about the subject matter of his complaint. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 17th day of April, 2007.

_/s/ Henry L. Jones, Jr._____
United States Magistrate Judge